IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                              CASE NO. 4:10CR00060 BSM

WALTER IVAN NUNEZ                                                             DEFENDANT

### ORDER

The motion of Walter Ivan Nunez to vacate, set aside, or correct the sentence imposed on November 10, 2010, pursuant to 28 U.S.C. § 2255 [Doc. No. 85], is denied. No hearing is required because the motion and entire record conclusively show that Nunez is not entitled to relief.

Nunez appeared on August 6, 2010, and plead guilty to one count of possession with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine. He was charged in an April 7, 2010, superseding indictment with four counts: (1) conspiracy to possess with intent to distribute methamphetamine; (2) possession with intent to distribute at least 500 grams of a mixture or substance containing meth; (3) possession of a firearm in furtherance of drug trafficking; and (4) being a felon in possession of firearms. Upon pleading guilty to the possession with intent to distribute count, the remaining three counts were dismissed. Nunez was sentenced on November 10, 2010, and now moves to vacate the sentence because his lawyer was ineffective.

Nunez's motion is denied because he cannot show that his lawyer's actions or

1

inactions prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to succeed on an ineffective assistance of counsel claim, the movant must show that his lawyer was ineffective and that the deficient performance prejudiced the defense). In support of his motion, Nunez first contends that his lawyer failed to raise three specific pre-trial issues: (1) the validity of the April 7, 2010, superseding indictment; (2) a violation of his right to a speedy trial; and (3) the court's lack of jurisdiction over drug trafficking offenses under Title 21 of the United States Code.

Nunez asserts that the superseding indictment was invalid because there was no signature on the faxed copy that his attorney showed to him. This simply does not show that the superseding indictment was invalid. As for his speedy trial argument, a review of the record shows that his right to a speedy trial was not violated. Finally, in support of his claim that Title 21 is invalid, he points to footnote one in *Burgess v. United States*, 553 U.S. 124, 136 (2008), which states that "Title 21 of the United States Code has not been enacted as positive law." The problem with Nunez's reliance on *Burgess* is that the Court in that case affirmed the appellant's prison sentence under Title 21 for drug trafficking. Indeed, *Burgess* does not strike down Title 21 as Nunez indicates. He also cites to dicta from the Supreme Court addressing the need for reasonable limits "upon the right of agency in criminal trials to be governed by positive law." *Gonzalez v. United States*, 553 U.S. 242, 258 (2008) (Scalia, J., concurring). The problem with his reliance on *Gonzalez* is that it does not limit the application of Title 21 in cases like Nunez's case. Consequently, Nunez simply offers no basis for his contention that Title 21 is not properly enacted law.

As the second basis for his claim, Nunez states that his attorney failed to challenge the drug amounts in the plea agreement and the computation of his criminal history, and that he was not informed of his rights to appeal. Nothing in the record indicates that a challenge to the drug amounts would have been successful. Further, as the transcript reflects, Nunez was asked, after the terms of the plea agreement were read in open court, whether he understood the terms of his agreement. His answer was yes. The transcript also reflects that he was advised of his appeal rights during the sentencing hearing. He was further notified of his right to have counsel appointed for that purpose. As a non-native English speaker, he was also provided with an interpreter for the proceeding.

Similarly, there is no basis for Nunez's second claim that his attorney's performance was deficient. Nunez contends that he thought the quantities were calculated in pounds, rather than kilograms. As the transcript indicates, however, he was advised during the sentencing hearing that the quantities, calculated as kilograms, were a consideration in calculating his sentence. In addition, Nunez states that his attorney failed to challenge his criminal history computation. The record flatly refutes this claim. During sentencing, Nunez's counsel objected to the use of two prior DWI convictions in calculating his criminal history, and his objection was considered and overruled on the record. As a result, Nunez has not provided a basis that would support setting aside or vacating his sentence, and his motion to vacate [Doc. No. 85] is denied.

IT IS SO ORDERED this 30th day of October 2012.

_____
UNITED STATES DISTRICT JUDGE